IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:22CR00347-001BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CONSENT ORDER |
| | ) | |
| KUMAR ARUN NEPPALLI, | ) | |
| | ) | |
| Defendant. | ) | |

The Court, upon consent of the United States of America ("United States"), Defendant Kumar Arun Neppalli ("Defendant"), hereby ORDERS as follows:

1. Defendant agrees to and shall list the following real property for sale and make every reasonable effort to sell the following real property in good faith and for reasonable market value to a bona fide, third-party purchaser within three months of the Effective Date of this Order:

   a) 901 Brickstone Drive, Apex, NC 27502.

2. Provided the sale of the property is conducted in good faith, at reasonable market value, and to a bona fide, third-party purchaser, the United States will not withhold consent to any such sale. If the property is not sold by private sale within three months of the Effective Date of this Order, the Defendant will, as soon as practicable but no later than thirty days from the expiration of the three-month period, contract with a third-party auction company approved by the United States for sale of the property at auction within three months thereafter. All of Defendant's

interest in the net proceeds from the sale of the property will be paid to the United States, along with an accounting of the sale.

3. Prior to the closing of any sale of the property (whether by Defendant or a third-party auction company), the HUD Settlement Statement indicating the terms of the sale shall be provided to the United States Attorney's Office, Financial Litigation Unit, 150 Fayetteville St., Suite 2100, Raleigh, North Carolina 27601, who must approve the HUD Settlement Statement prior to the completion of the real estate closing. All amounts received by the United States from the sale of the property shall be applied to the outstanding debt balance on Defendant's criminal judgment. The United States will release any prospective buyer from the lien on the property sold, provided that the sale is made in good faith, for reasonable market value, to a bona fide, third-party purchaser and that all of the Defendant's interest in the net proceeds from the sale of the property are paid to the United States.

4. If Defendant defaults on any of his obligations under this Order, the United States may take whatever steps it is entitled to take pursuant to law to enforce the obligations of this Order or collect upon the outstanding debt owed by Defendant including executing on the real property located at 901 Brickstone Drive, Apex, NC 27502.

5. Nothing in this Order prevents the United States from pursuing administrative offsets, including those through the Treasury Offset Program. Any payments applied to this claim by the Department of Treasury as a result of an offset will be credited as a payment to the existing balance.

6. Nothing in this order prevents the United States from pursuing any and all remedies allowed by law to collect the debt reflected in Defendant's criminal judgment.

7. Defendant agrees that the terms and conditions of this Order are final. If incarcerated, Defendant agrees that this Order does not preclude him from participation in the Inmate Financial Responsibility Program, if available. Defendant further agrees that this Order does not preclude him from any additional payment schedule as set by the Court, the United States Probation Office, or the United States Attorney's Office.

8. Nothing in this Order is a novation in any manner to reduce or diminish the full legal rights of the United States in the criminal judgment filed in this case or affect the judgment in any manner.

9. The Parties to this Order agree to sign any other reasonable documents necessary to effectuate the terms of this Order.

10. The Effective Date of this Order shall be the date the Court signs it. Facsimiles of signatures shall constitute acceptable, binding signatures for purposes of this Order.

SO ORDERED this 5 day of March, 2024.

*Terrence Boyle*
TERRENCE W. BOYLE
United States District Judge

3

Case 5:22-cr-00347-BO-BM    Document 58    Filed 03/06/24    Page 3 of 4

WITH CONSENT:

*[signature]*

KUMAR ARUN NEPPALLI,
Defendant

DATE: 02/23/2024

*[signature]*

DHAMIAN A. BLUE,
Attorney for Defendant

DATE: February 23, 2024

MICHAEL F. EASLEY, JR.
United States Attorney

*[signature]*

BENJAMIN J. HIGGINS
Assistant United States Attorney

DATE: 2/23/24

4